# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**MIGUEL V. RODRIGUEZ,**
**DOC # 196223,**

    Plaintiff,

vs.                                            Case No. 4:23-cv-86-AW-MAF

**KENNETH SUMPTER, et al.,**

    Defendants.

_____/

## REPORT AND RECOMMENDATION

After review of the pro se Plaintiff's second amended complaint, ECF No. 19, Plaintiff was required to file a third amended complaint. ECF No. 21. Plaintiff has now done so, ECF No. 22, and he also submitted a memorandum of law in support of his complaint, ECF No. 24, and a "motion for clarify at court,," ECF No. 23. As for Plaintiff's motion, he seeks clarification on a comment made in the prior Order that Plaintiff had acknowledged that he had three strikes under 28 U.S.C. § 1915(g). ECF No. 23 at 1. Plaintiff states that he does not acknowledge having three strikes and asks the Court to review an exhibit attached to the motion. *Id.* at 2.

First, Plaintiff did not submit an exhibit with the motion. ECF No. 23. Second, Plaintiff initiated this case in late February 2023 by submitting a complaint which declared that Plaintiff was in "imminent danger of a serious physical injury." ECF No. 1 at 14. A question on the complaint form asked whether Plaintiff "had any case in federal court . . . dismissed as frivolous, as malicious, for failure to state a claim, or prior to service." *Id.* Plaintiff answered "yes." *Id.*

On March 31, 2023, Plaintiff filed a first amended complaint in which he declared again that he was in imminent danger. ECF No. 6 at 16. Plaintiff said he had cases dismissed as frivolous, malicious, for failure to state a claim, or prior to service. *Id.* He stated he could not remember the case numbers, but indicated there was (1) a case from 2002 - 2004 in the Orlando Division [of the Middle District Court]; (2) a case from 2004 - 2007 in the same Court; and (3) and case from 2005. *Id.* Considering the cases were nearly 20 years old, the Court was unconcerned at that time that Plaintiff said he could not remember the case numbers or provide more information in light of his apparent acknowledgment of three cases.

In late April 2023, Plaintiff filed a second amended complaint. ECF No. 19. This time, when asked about prior cases dismissed as frivolous,

malicious, for failure to state a claim, or prior to service, Plaintiff changed his answer to "no." *Id.* at 13. Generally, Plaintiff said he could not remember his prior litigation history, *id.* at 13-15, but he listed two prior habeas cases. *Id.* at 15.

In Plaintiff's recently submitted third amended complaint, ECF No. 22, Plaintiff no longer declares that he is under imminent danger. Plaintiff also continues to answer the question about prior cases with a "no," stating he had not filed any prior cases which were dismissed as frivolous, malicious, for failure to state a claim, or prior to service. *Id.* at 12. That is false.

Plaintiff filed case number 5:06cv371-WTH-GRJ in the Middle District of Florida in October of 2006. The case was dismissed in November 2006 pursuant to the three strikes bar of 28 U.S.C. § 1915(g). ECF No. 5 of that case. The Order entered by United States District Court Judge Hodges cited three cases which demonstrated that Plaintiff had three strikes: "Northern District of Florida civil case 5:04-cv-389 (1/26/05) (dismissing case as malicious); Southern District of Florida civil case 2:03-cv-14315 (1/8/04) (dismissing case for failure to state a claim), and Southern District of Florida civil case 2:03-cv-14342 (dismissing case for failure to exhaust

prison administrative remedies before filing)." ECF No. 5, n.1 of case # 5:06cv371.

Plaintiff also had a case dismissed in the Northern District of Florida pursuant to the "three strikes" bar of § 1915(g).  Case 5:12cv118-RS-EMT was filed on April 20, 2012, and was terminated on June 8, 2012, because Plaintiff did not meet the imminent danger requirement of § 1915(g).

As an additional note, Plaintiff also filed case number 1:02cv22677-DLG in the Southern District of Florida in September of 2002.  The case ended in April 2008 with a jury verdict in Defendants' favor.  ECF Nos. 254-255, and 257 of that case.[1]  Further, Plaintiff initiated case number 1:04cv22484-KMM in the Southern District of Florida in October of 2004, but it was transferred to this Court (the Northern District of Florida) and opened as case number 5:04cv389-SPM-EMT.  As noted above, it was dismissed as malicious because Plaintiff did not honestly disclose his litigation history.  One other case is also noted for Plaintiff's future benefit - he filed case number 1:02cv23581-AJ in the Southern District of Florida.  The case was summarily dismissed on February 19, 2003, with the

---

[1] The Court confirmed by Plaintiff's inmate number that he is the same person who filed those cases.

dismissal order requiring the clerk to file Plaintiff's complaint in another case pending in that Court - case number 02-22677.  ECF No. 7 of that case.

In short, by reviewing Plaintiff's motion for clarification, ECF No. 23, it has become clear that Plaintiff has "three strikes" under 28 U.S.C. § 1915(g) and he has now falsely denied that he has three strikes.  ECF No. 23.  He has also falsely claimed that he has not had any cases dismissed as frivolous, malicious, or for failure to state a claim.  ECF No. 22 at 12.  This case should be dismissed for abuse of the judicial process because of Plaintiff's dishonesty in submitting the recent documents.

> If the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information. If word got around the prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little purpose. And word does get around the prisons.

Rodriguez v. Inch, No. 4:19cv191-RH-HTC, 2020 WL 3050231, at *1 (N.D. Fla. June 8, 2020)).

Another reason for dismissal also exists.  Plaintiff was initially granted leave to proceed in forma pauperis because he claimed that his life was in danger and Defendants had denied him protection.  *See* ECF No. 6.  He

Case No. 4:23cv86-AW-MAF

made an imminent danger assertion and it was considered as a basis for granting Plaintiff in forma pauperis status. *Id.* at 16. In light of the recent third amended complaint, ECF No. 23, that assertion now appears false.

Plaintiff is still housed at the Florida State Prison, where he was when this case was initiated, *see* ECF No. 1 at 2, but he no longer contends in his third amended complaint that he faces imminent danger. ECF No. 22. He does allege that he has been denied protection in three different prisons, but Plaintiff provides no facts which show he faces a current danger. He provides no factual allegations of recent events in either 2022 or early 2023. Instead, all Defendants named in the third amended complaint are at Santa Rosa Correctional Institution or the Department's Central Office. ECF No. 22 at 2-5. The events at Santa Rosa appear to have taken place in 2019. *Id.* Thus, the Court concludes that Plaintiff made false allegations of imminent danger for the sole purpose of avoiding payment of the filing fee and accessing this Court.

A prisoner litigant who is unable to pay court fees may proceed in forma pauperis under 28 U.S.C. § 1915(g) with one important limitation: a prisoner with "three strikes" can proceed in forma pauperis only if the

prisoner is in imminent danger of serious physical injury. The relevant subsection provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, *unless the prisoner is under imminent danger of serious physical injury*.

28 U.S.C. § 1915(g) (emphasis added). Therefore, to be entitled to in forma pauperis status, Plaintiff must have shown that he faced "imminent danger of serious physical" harm at the time he filed his initial complaint because recounting past injuries is insufficient. Medberry v. Butler, 185 F.3d 1189, 1192-93 (11th Cir. 1999). If a Plaintiff does not show he was facing "imminent danger" at the time" a complaint is filed, in forma pauperis status is properly denied. Medberry, 185 F.3d at 1193.

On the other hand, if "a prisoner alleges imminent danger but the court later determines that the allegation was false when made—that the prisoner was not in imminent danger when the case was filed—the proper remedy is to revoke in forma pauperis status and dismiss the case without prejudice." Owens v. Townsend, No. 4:18cv422-RH-MAF, 2020 WL

Case No. 4:23cv86-AW-MAF

5628934, at *1–2 (N.D. Fla. Sept. 21, 2020) (noting that if an "allegation of imminent danger was concocted," in forma pauperis status could "be revoked retroactively") (citing McLeod v. Jones, No. 4:15-cv-188-RH-GRJ, 2016 WL 47875 (N.D. Fla. Jan. 4, 2016), aff'd sub nom. McLeod v. Sec'y, Fla. Dep't of Corr., 778 F. App'x 663 (11th Cir. 2019)).  That is the remedy that should be employed here.  Plaintiff did not clearly present facts showing imminent danger at the time of case initiation but, instead, made a vague and conclusory assertion of imminent danger.  Plaintiff has continued making vague assertions in his third amended complaint, but importantly - Plaintiff has now changed his position and omits such claims.  He alleges having been "stabbed in three different" prison facilities at some point in the past, ECF No. 22 at 9, but he does not clearly allege an ongoing risk of harm.  Considering that Plaintiff no longer is claiming imminent danger, this case should be dismissed and the prior Order granting Plaintiff in forma pauperis status should be vacated.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that the Order granting Plaintiff in forma pauperis status, ECF No. 13, be **VACATED**, that Plaintiff's motion to clarify, ECF No. 23, be **GRANTED**, and as that clarification shows, this

case should be **DISMISSED** as malicious and an abuse of judicial process because Plaintiff has "three strikes" which he has falsely denied. The Order adopting this Report and Recommendation should also direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on June 27, 2023.


 S/     Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:23cv86-AW-MAF